UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE I. LOPEZ, *et al.*,

                           Plaintiffs,                       **REPORT AND**
                                                                      **RECOMMENDATION**
                 -against-                                     **15-CV-1283 (JFB) (ARL)**

TCWD LIDO REST INC. d/b/a OLIVE OILS, *et al.*,

                           Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is the motion by plaintiffs Jose I. Lopez, Fausto Marmol, Nelson Marmol, Jose S. Velasquez and Alfonson C. Villagran, individually and on behalf of those similarly situated ("Plaintiffs"), for an Order striking the answer and entering a default judgment for Plaintiffs pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A). For the reasons set forth below, the Court respectfully recommends that Plaintiffs' motion be granted.

## BACKGROUND

      Plaintiffs bring this action against defendants TCWD Lido Rest Inc. d/b/a Olive Oils ("TCWD"), Christopher Dolan ("Dolan"), and Michael "Doe" ("Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. and New York Labor Law §§ 191 *et seq*. The complaint was filed on March 12, 2015, DE 1, and the summons and complaint were served on Defendants on May 19, 2016, DE 5-7. Defendants did not answer or otherwise respond to the complaint. On June 16, 2015, Plaintiffs filed a request for a certificate of default against each Defendant with the Clerk of Court. DE 8-10. The next day, the Clerk of Court issued certificates of default for Defendants TCWD and Dolan. DE 11-12. Defendants subsequently filed an answer on August 14, 2015. DE 14.

      On October 26, 2015, the Court issued a proposed Scheduling Order, to which the parties

consented to on November 3, 2015. DE 15-16. Plaintiffs thereafter served Defendants with their Rule 26 disclosures and two sets of discovery demands. DE 19. Defendants failed to respond to either set of demands, and Plaintiffs filed a motion to compel discovery. *Id.* By Order dated February 23, 2016, the Court ordered Defendants to respond to Plaintiffs' discovery demands by March 11, 2016, and March 25, 2016, respectively. DE 21. Defendants were warned that failure to comply with this Order may lead to the imposition of sanctions. *Id.*

On March 17, 2016, Plaintiffs once again moved to compel Defendants to respond to Plaintiffs' first set of discovery requests. DE 25. According to Plaintiffs, while Defendants served their responses to Plaintiffs' first request for admissions on March 11th, Defendants failed to serve responses to Plaintiffs' first request for the production of documents and Plaintiffs' first set of interrogatories. *Id.* Defendants did not respond to this letter.

Thereafter, Plaintiffs filed a second application seeking an Order striking Defendants' answer and rendering a default judgment against them, claiming that defense counsel had indicated that his clients were not going to respond to any discovery requests and that individual defendant Christopher Nolan was not concerned about the consequences of his failure to respond. DE 28.

In response to Plaintiffs' second application, defense counsel claimed as follows: (1) the corporate defendant sold the restaurant and the proceeds were used to pay taxes and other debts; the corporate defendant has no other property or income; (2) all corporate records prior to October 9, 2012 were destroyed in Hurricane Sandy; and (3) although some payroll records may be available through Paychex, defendant Dolan was unable to pay the fees for such records and was "incapable of expending the costs of defending this action." DE 29. Defense counsel also noted

that the individual defendant Dolan had moved before Judge Bianco to amend the complaint to assert a counterclaim against plaintiff Nelson Marmol for contribution or indemnification. *Id.* Defendants requested that the Court defer ruing on Plaintiffs' applications until Judge Bianco had ruled on the motion to amend because Mr. Marmol could potentially be liable to indemnify defendant Nolan should he become personally liable. *Id.*

By Order dated March 31, 2016, the Court noted that Defendants' alleged lack of financial means did not excuse compliance with Court Orders or legitimate discovery requests and that there was nothing in the record to suggest that Plaintiffs' requests were unreasonable. DE 31. The Court further noted that the pendency of Defendants' motion for leave to amend was of no import; even if the motion was granted and defendant Nolan was ultimately entitled to indemnification, he still had an obligation to comply with the rules of discovery. *Id.* The Court granted Defendants one last chance to comply with their discovery obligations and directed Defendants to provide responses to all outstanding discovery requests on or before April 15, 2016. *Id.* Defendants were warned that failure to comply this Order would result in a report and recommendation by this Court that Defendants' answer be stricken and default judgment entered. *Id.*

Currently before the Court is Plaintiffs' letter motion to strike Defendants' answer and render a default judgment against them. DE 32. According to Plaintiffs, Defendants have failed to comply with the Court's March 31, 2016 Order and have not provided responses to Plaintiff's discovery requests. *Id.* To date, Defendants have not responded to Plaintiffs' motion.

## DISCUSSION

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that if a party fails to

obey an order to participate in discovery, the court may strike pleadings and render a default judgment against the disobedient party. Although a default judgment is an extreme measure, it may be ordered after the court has considered "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *SEC v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013) (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)); *2W Prod. Corp. v. Y & P Wholesale, Inc.*, No. CV 07-0423, 2009 WL 29311 at *3 (E.D.N.Y. Jan. 5, 2009) (recommending that defendant's answer be stricken and a default judgment be entered) (citations omitted).

Given the course of conduct referenced above, it is apparent to the undersigned that the Defendants are unwilling to engage in this litigation and that any lesser sanction than default judgment would merely delay Plaintiffs' eventual recovery. In addition, Defendants have been explicitly warned of the consequences of noncompliance. Accordingly, the undersigned respectfully recommends that the answer be stricken and that a default judgment be entered against Defendants. The undersigned further recommends that Plaintiffs' additional request for attorneys' fees and costs be denied.[1]

---

[1] As noted above, pending before District Judge Bianco is Defendants' motion for leave to file an amended answer to include counterclaims against plaintiff Nelson Marmel for indemnification and contribution. DE 26. Since this motion is not before the undersigned, the Court has not addressed it. However, to the extent Defendants have suggested in earlier letters to the Court that the undersigned defer ruling on Plaintiffs' motions to compel until after Judge Bianco has ruled on the motion to amend, the Court notes that Defendants should not be permitted to pick and choose which parts of the litigation process they wish to participate in.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
May 4, 2016

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge